# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DOMINIQUE S. BOOKER,  
    Plaintiff,

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

Case No. 1:12-cv-665  
Beckwith, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on: (1) plaintiff's motion for an award of attorney fees and costs under the Equal Access to Justice Act (Doc. 23) and the Commissioner's response in opposition to the motion (Doc. 25); and (2) defendant's motion to amend judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 24), to which plaintiff has not filed a response.

**I. Background**

Plaintiff Dominique S. Booker filed a Social Security appeal in this Court challenging the Commissioner's final decision finding she was not disabled. *See* 42 U.S.C. § 405(g). On August 12, 2013, the parties filed a joint motion and stipulation for remand. (Doc. 20). The parties stipulated that plaintiff had filed a subsequent application for disability benefits and had submitted new evidence of psychological testing in conjunction with that application. They agreed that a remand was appropriate so that an Administrative Law Judge (ALJ) could obtain evidence from a medical expert regarding this new evidence. On August 19, 2013, this Court granted the parties' joint motion and stipulation and remanded the record to the ALJ under sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with the stipulation. (Doc. 21). On that same date, the Clerk entered a "Judgment" in the case ordering and adjudging that the case was remanded pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 22).

On September 12, 2013, plaintiff, through her attorney, moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 23). Pursuant to the EAJA, an application for attorney fees and other expenses must be submitted within 30 days of the "final judgment." 28 U.S.C. § 2412(d)(1)(B). To be eligible for a fee award under the EAJA, the claimant must be the "prevailing party." *See* 28 U.S.C. § 2412(d)(1)(A)[1]. Plaintiff suggested in her motion that the district judge's order remanding the matter was a "final judgment" for purposes of the EAJA, and she alleged that she was the "prevailing party" as required for an award of fees under the statute. (Doc. 23).

The Commissioner filed the motion to amend judgment on September 16, 2013. (Doc. 24). The Commissioner moves the Court to amend the August 19, 2013 "Judgment" entered by the Clerk to reflect that this matter was remanded pursuant to sentence six of § 405(g), so that the Court retains jurisdiction over the civil action until the additional administrative proceedings are completed. The Commissioner subsequently filed a response in opposition to plaintiff's motion for attorney fees under the EAJA, arguing that the motion is premature because plaintiff is not yet a "prevailing party" as this Court remanded the case pursuant to sentence six and thereby retained jurisdiction over the matter. (Doc. 25). The Commissioner contends that should plaintiff prevail on remand and be awarded the benefits she seeks at the administrative level, she will be able to file a motion for attorney fees in the district court pursuant to the EAJA once final judgment is entered.

---

[1] The EAJA, 28 U.S.C. § 2412(d)(1)(A), provides:
> "[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

### A. Motion to amend judgment (Doc. 24)

Notwithstanding the Clerk's "Judgment" entered in this case on August 19, 2013, affirming the order of remand issued by the district judge on that same date (Doc. 22), no "final judgment" was or could have been rendered by this Court under the applicable law. Rather, because the remand was ordered under sentence six of § 405(g), this Court has retained jurisdiction over the case since the date of remand. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006) (holding that "a district court retains jurisdiction when remanding a social security claimant's case pursuant to sentence six"). In contrast to sentence four remands, which involve a final judgment, the court retains jurisdiction in a sentence six remand pending further administrative proceedings, so that the court's judgment is not final. *Id. See also Scales v. Astrue*, No. 1:10cv267, 2012 WL 628407, at *2 (S.D. Ohio Feb. 27, 2012) (Report and Recommendation) (Bowman, M.J.), *adopted sub nom., Scales v. Comm'r of Soc. Sec.*, 2012 WL 994634 (S.D. Ohio Mar. 23, 2012) (Dlott, J.) ("A sentence six remand does not constitute a final judgment; rather, the Court retains jurisdiction and enters final judgment only 'after post-remand agency proceedings have been completed and their results filed with the court.'") (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)). Because the Court retains jurisdiction over this case and has not issued a final judgment, the Clerk's "Judgment" entered into the record on August 19, 2013 (Doc. 22) should be vacated as having been erroneously issued.

### B. Motion for attorney fees (Doc. 23)

The timeliness of a fee petition under the EAJA is dependent on when a final judgment is entered. In a sentence six remand, the filing period does not begin to run until after "the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

3

Because plaintiff has not obtained a final judgment against defendant, her motion for EAJA fees is premature and should be denied for this reason. *See Hendricks v. Astrue*, No. 1:10-cv-600, 2013 WL 949888, at *2 (S.D. Ohio Mar. 12, 2013) (Report and Recommendation) (Bowman, M.J.), *adopted sub nom.*, *Hendricks v. Commissioner of Social Sec.*, 2013 WL 1343916 (S.D. Ohio Apr. 2, 2013) (Dlott, J.) (adopting recommendation that the EAJA fee petition be denied as premature where case had been remanded for further proceedings under Sentence Six).

The motion should be denied for the additional reason that plaintiff cannot establish that she is a prevailing party under the EAJA. A sentence six remand "is not a sufficient basis for a litigant to claim 'prevailing party' status," although the claimant may achieve prevailing party status by succeeding on remand. *Marshall*, 444 F.3d at 842. *See also Scales*, Case No. 1:10-cv-267, 2012 WL 628407, at *2 (a claimant who obtains a sentence six remand must prevail in the subsequent administrative proceedings in order to be a "prevailing party" under the EAJA). Accordingly, if plaintiff is successful on remand, she can file a motion for attorney fees pursuant to the EAJA once she obtains a final judgment.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to amend judgment (Doc. 24) be **GRANTED** and the Clerk's judgment entered on April 19, 2013 (Doc. 25) be **VACATED.**

2. Plaintiff's motion for attorney fees (Doc. 23) be **DENIED.**

Date: 11/1/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOMINIQUE S. BOOKER,
    Plaintiff,

Case No. 1:12-cv-665
Beckwith, J.
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).